**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wyatt Dennis Logan,<br><br>                  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                  Defendant. | No. CV-21-08209-PCT-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Wyatt Dennis Logan's Application for Disability Insurance Benefits ("DIB") by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10), Defendant Social Security Administration Commissioner's Response Brief (Doc. 13), and Plaintiff's Reply Brief (Doc. 14). The Court has reviewed the briefs, Administrative Record (Doc. 9, "R."), and the Administrative Law Judge's ("ALJ") decision (R. at 2307-47), and hereby reverses the ALJ's decision and remands this matter to the SSA Commissioner for a new administrative hearing for the reasons addressed herein.

**I.    BACKGROUND**

Plaintiff protectively filed an Application for DIB benefits on June 18, 2010, alleging a disability beginning on March 10, 2010. (R. at 18). Plaintiff's claim was initially denied on October 20, 2010, and upon reconsideration on July 19, 2011. (*Id.*) Plaintiff testified before an ALJ on October 23, 2012. (*Id.*) Plaintiff's Application was denied by

the ALJ on December 12, 2012. (*Id*. at 29). The Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on February 6, 2014. (*Id*. at 1). On March 4, 2015, this Court reversed the ALJ's decision and remanded the case to the Commissioner based upon a stipulated motion to remand by the parties. (R. at 1457-58). On August 1, 2016, a subsequent hearing was held whereby Plaintiff testified before ALJ Patricia Bucci. (R. at 1365). Plaintiff's Application was again denied by the ALJ on October 19, 2016. (R. at 1362). On February 14, 2018, this Court reversed the decision and remanded the case to the Commissioner for further administrative proceedings. (R. at 2377). On May 11, 2021, a new hearing was held whereby Plaintiff again testified before ALJ Patricia Bucci. (R. at 2310). Plaintiff's Application was denied for a second time, third overall, by ALJ Bucci on June 2, 2021. (R. at 2307). On September 19, 2021, Plaintiff filed this action seeking judicial review. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of lumbar degenerative disc disease, obesity, diabetes mellitus, coronary artery disease, hypertension, knee degenerative joint disease, mood disorder, dysthymia, adjustment disorder with mixed anxiety and depressed disorder, and intermittent explosive disorder. (R. at 2313). The ALJ determined that Plaintiff could perform light work with several limitations. (R. at 2319-20). The ALJ found Plaintiff could not perform any of his past relevant work, but that other jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. at 2328-29). Ultimately, the ALJ assessed the medical evidence and opinions and concluded that Plaintiff was not disabled. (R. at 2331).

**II.    LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is

more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id*. To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id*. As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

### III. ANALYSIS

Plaintiff raises four questions for the Court to consider: (1) whether the Appointments Clause was violated by assigning Plaintiff's February 2018 remand to the same ALJ for a rehearing; (2) was there a violation of the separation of powers clause that merits a remand;[1] (3) whether substantial evidence supported the ALJ's finding that a significant number of jobs existed for Plaintiff to perform;[2] and (4) should the Court remand for payment of benefits rather than further administrative proceedings. (Doc. 10 at 1-2).

### A. The Commissioner erroneously assigned Plaintiff's February 2018 remand to the same ALJ for a rehearing.

Since the filing of both parties' briefs, the Ninth Circuit has settled the question of whether an ALJ that was appointed in violation of the Appointments Clause may continue to resolve a case after they have been constitutionally ratified by an authorized official. *Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022). That decision is directly on point with the present case before this Court.

In *Cody*, an ALJ that was not properly appointed by the SSA Commissioner had reviewed and denied a disability claim. The claimant appealed the case but did not

---

[1] According to Plaintiff's reply brief, the Court need not address this issue as Plaintiff has withdrawn the argument. (Doc. 14 at 7 n.4).

[2] Because the Court vacates and remands this appeal due to an Appointments Clause violation, the Court need not address Plaintiff's challenge to the merits of the ALJ's decision since a new hearing is required.

challenge the ALJ's appointment during the initial appeal. The district court later remanded the case for a rehearing. The case was reassigned back to the identical ALJ, who was properly ratified by the Commissioner upon the second consideration of the case. Again, the same ALJ reached a similar conclusion that the claimant was not disabled. On appeal, the claimant raised the Appointments Clause violation as part of their arguments. The Ninth Circuit considered whether the second decision could stand since the ALJ was properly appointed at that point or if the claimant's rights were sullied by the Appointments Clause violation. The Ninth Circuit held "the second decision was tainted by the first, and [claimant] must receive a new decision from a different ALJ." *Id*. at 958.

Similarly in the present case, ALJ Bucci originally heard Plaintiff's disability claim in August 2016 and made a finding that Plaintiff was not disabled. ALJ Bucci had not been formally ratified by the Commissioner at the time of the 2016 hearing. Plaintiff did not raise an Appointments Clause violation on appeal, but instead raised issues dealing with the merits of his case. This Court remanded the case to the Commissioner in February 2018. Instead of assigning Plaintiff's case to a new ALJ, it was again assigned to ALJ Bucci, who was properly appointed by the Commissioner at this point, and a rehearing was held in May 2021. ALJ Bucci again denied Plaintiff's disability claim. The denial gives rise to the appeal before this Court, of which, the Appointments Clause violation is raised as an issue by Plaintiff. Based upon the holding in *Cody*, the Court finds that ALJ Bucci's second decision was tainted by the first decision and Plaintiff is entitled to a remand for a new hearing in front of a new ALJ.

As the *Cody* court discussed:

> "[T]he appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official." The [*Lucia*] Court then went a step further, specifying that the new hearing *cannot* be conducted by the same ALJ who decided the prior matter— "even if he has by now received (or receives sometime in the future) a constitutional appointment."

*Id*. at 961. (citing *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018)). "Requiring a remand and

hearing before a new ALJ [] supports the two remedial aims identified by *Lucia*. First, a rehearing before a new ALJ promotes the 'structural purposes' of the Appointments Clause by ensuring only a properly appointed Officer takes part in deciding [Plaintiff's] case." *Id*. at 962. (*See id*. at 2055 n.5). Second, "a rehearing before a different ALJ would encourage claimants to raise Appointments Clause violations to the courts' attention." *Id*. Thus, the Court finds that the Plaintiff did not receive a properly adjudicated decision that was untainted by an Appointments Clause violation and he is entitled to a remand.

The SSA would argue that the Appointments Clause challenge was untimely; however, *Cody* also puts this argument to rest. As *Cody* explains, it would be improper for claimants to raise Appointments Clause issues before an ALJ because they "are 'generally ill suited to address structural constitutional challenges'…and it 'ma[de] little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested.'" *Id*. at 961 (citing *Carr v. Saul*, 141 S. Ct. 1352, 1360-61 (2021)). "For an Appointments Clause challenge to be 'timely,' claimants need only raise the issue 'for the first time in federal court.'" *Id*. (*See id*. at 1362). As discussed above, it is clear to the Court that the 2016 decision tainted the ALJ's 2021 post-ratification decision. Therefore, Plaintiff was not required to raise the Appointments Clause violation issue before the SSA as long as the constitutional challenge was raised in the first instance before the district court. This is precisely what Plaintiff is challenging for the first time in the current appeal before the Court.

Therefore, the Court finds that Plaintiff's Appointment Clause argument was timely raised, and Plaintiff is entitled to a new decision issued by a different ALJ. ALJ Bucci's decisions were tainted by a pre-ratification decision since ALJ Bucci issued both the 2016 and 2021 decisions. The Court remands this case to the Commissioner for a rehearing before a validly appointed ALJ that is not ALJ Bucci.

**B.    The Credit-as-True Rule Does Not Apply**

Plaintiff asks the Court to use its discretion and remand this case for an award of disability benefits for Plaintiff rather than remanding for further proceedings. (Pl. Br. at

19.) The credit-as-true rule only applies in "rare circumstances" that permit the Court to depart from the ordinary remand rule. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). Three elements must be present for these rare circumstances to exist. First, the ALJ must have neglected to supply legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, a fully developed record must exist with no outstanding issues pending resolution before a disability determination can be made, and the Court must find that further administrative proceedings would not be constructive. *Id.* at 1101. Further proceedings are effective when there are ambiguities and conflicts that must be resolved. *Id.* Third, if the first two elements are met, the Court may "find[] the relevant testimony credible as a matter of law…and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

The Court finds the ordinary remand rule applies, not the credit-as-true rule. Due to the Appointments Clause violation, and following the decision put forth in *Cody*, an appropriate ALJ has failed to fully develop the record in this case. As the finder-of-fact, an ALJ must be given an opportunity to do so. Plaintiff raises arguments that the ALJ erred at step five under SSR 00-4p, leaving the record susceptible to outstanding issues that must be resolved by an ALJ to make a proper disability determination. Thus, the Court remands this case to the Commissioner for further development of the record through a new hearing and a disability determination rendered by a suitable ALJ.

///

///

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further administrative proceedings, including a new administrative hearing before a different, validly appointed ALJ to rehear and adjudicate Plaintiff's disability claim and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 16th day of November, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge